139 So. 286

### Ex parte DAVIS.
### 5 Div. 104.

Supreme Court of Alabama.

Jan. 14, 1932.

Hollis O. Black, of Birmingham, for petitioner.

Jim Gibson, of Birmingham, for respondent.

ANDERSON, C. J.

The record discloses that the petitioner is a private, or noncommissioned officer, in the United States Army; that he has been cited to show cause why he should not be adjudged in contempt of court for failing to pay alimony decreed against him. The process for said citation prays that this petitioner be committed to jail as for a refusal or failure to pay said alimony.

Section 1237, Revised Statutes U. S. (10 USCA § 610), provides: "No enlisted man shall, during his term of service, be arrested on mesne process, or taken in charge in execution for any debt, unless it was contracted before his enlistment, and amounted to $20 when first contracted."

"Both by act of congress and by statute in many of the states private soldiers and noncommissioned officers while engaged in the performance of their military duties are exempt from arrest on civil process." 5 C. J. 366, § 224.

So the question here is, Is the proposed arrest and threatened imprisonment based on mesne or civil process?

"Civil contempt consists in failing to do something ordered to be done by a court in a civil action, for the benefit of the opposing party therein, and is therefore, not an offense against the dignity of the court, but against the party in whose behalf the violated order is made." 13 C. J. page 6; Ex parte Dickens, 162 Ala. 272, 50 So. 218. We think the distinction between civil and criminal contempt has been aptly drawn by the Indiana and Kentucky courts. "Contempts of court for which punishment is inflicted for the primary purpose of vindicating public authority are denominated criminal, while those in which the enforcement of civil rights and remedies is the ultimate object of the punishment are denominated civil contempts." Anderson v. Indianapolis Drop Forging Co., 34 Ind. App. 100, 72 N. E. 277, 278; Wages v. Com., 13 Ky. Law Rep. 925.

As the circuit court had no power or jurisdiction to imprison the petitioner for a civil contempt while enlisted as a soldier in the United States Army, and as he has no adequate remedy by appeal (Ex parte Dickens, supra), the writ of prohibition is awarded prohibiting the circuit court from punishing the petitioner for the alleged contempt so long as he may be an enlisted private or noncommissioned soldier in the United States Army.

Writ of prohibition awarded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.